IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV841

| | |
|---|---|
| JOHN R. HALL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 11, 13). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

## I. Procedural Background

On June 23, 2010, plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. (Transcript of Administrative Record ("T.") 285, 289.) Plaintiff alleged a disability onset date of May 16, 2006. (T. 285, 289.) The Social Security Administration denied Plaintiff's claims initially on October 1, 2010. (T. 161, 165.) The claims were denied upon reconsideration on February 8, 2011. (T. 172, 176.) On March 30, 2011, Plaintiff filed a written request for a hearing. (T. 184.)

On June 21, 2012, an Administrative Law Judge ("ALJ") conducted a hearing in Charlotte, North Carolina. (T. 71.) On July 11, 2012, the ALJ denied Plaintiff's claims in a written decision.

(T. 137.) Plaintiff requested a review of the ALJ's decision, and on May 20, 2013, the Appeals Council vacated the ALJ's decision and remanded the case for a new hearing. (T. 157.)

On August 26, 2014, the ALJ held a remand hearing. (T. 19.) The ALJ, again, denied Plaintiff's claims in a written decision on January 8, 2015. (T. 19-30.) Plaintiff, again, requested review of the ALJ's denial decision on January 27, 2015. (T. 11.) On October 13, 2016, the Appeals Council denied the request. (T. 1.)

The ALJ's January 8, 2015, decision became the final decision of the Commissioner. On December 12, 2016, Plaintiff filed the instant action seeking review of the Commissioner's decision. See Compl. (# 1).

## II.  Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity. 20 C.F.R.

§§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the

ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In his January 8, 2015, decision, the ALJ ultimately concluded that Plaintiff was not disabled under Sections 216(i), 223(d), and 1614(a)(3)(4) of the Social Security Act. (T. 30.) In reaching this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

(2) The claimant has not engaged in substantial gainful activity since May 16, 2006, the alleged onset date (20 C.F.R. §§ 404.1571 et seq., and 416.971 et seq.).

(3) The claimant has the following severe impairments: diabetes and hypertension (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5) The claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a).

(6) The claimant is unable to perform any past relevant work[1] (20 C.F.R. §§ 404.1565, 416.965).

(7) The claimant was born on March 4, 1968 and was 38 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date. (20 C.F.R. §§ 404.1563, 416.963).

(8) The claimant has a limited education and is able to communicate in English (20 C.F.R. §§ 404.1564, 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part

---

[1] Plaintiff has past relevant work as a truck driver. (T. 28.)

4

    404, Subpart P, Appendix 2).[2]

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from May 16, 2006, through January 8, 2015 (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(T. 19-30.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he or she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct

---

[2] The Commissioner notes that even if Plaintiff had unskilled past relevant work, or no past relevant work, Rule 201.18 would direct a finding of "not disabled." Comm'r's Mem. Supp. (# 14) at 5 n.4.

5

application of the law. Id.

**V.    Discussion**

    **A.    Even when considering the evidence submitted for the first time to the Appeals Council, substantial evidence supports the ALJ's RFC finding.**

In his first assignment of error, Plaintiff argues that "new and material evidence" was submitted to the Appeals Council that directly contradicts the ALJ's findings. Pl.'s Mem. Supp. (# 12) at 6-8. In particular, Plaintiff contends that the evidence consists of records from H. David Homesley, M.D., Plaintiff's treating orthopedic surgeon who opined that Plaintiff may need to consider hip replacement surgery, and Sheley R. Revis, M.D., Plaintiff's primary care provider, dated July 31, 2014 through January 30, 2015, who documented Plaintiff's ongoing hip problems. Id. at 6. Plaintiff argues that this evidence submitted to the Appeals Council directly contradicts the ALJ's RFC because the ALJ failed to evaluate the effects of Plaintiff's hip osteoarthritis. Id. Citing Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011), Plaintiff concludes that this case must be remanded to consider, weigh, and determine the value of the new evidence provided to the Appeals Council. Id. at 8.

At the outset, the Court notes that the Appeals Council granted review and vacated the ALJ's first decision, which afforded Plaintiff another chance to present his case. (T. 158-59.) Now, Plaintiff argues that the Appeals Council should have also vacated the ALJ's second decision, based on evidence not before the ALJ.

A review of the record, as it relates to Plaintiff's alleged hip pain, reveals the following findings by the ALJ: In May 2010, Plaintiff was able to be out cutting the grass.[3] (T. 26.) In April 2013, Plaintiff's gait was normal. (T. 26.) In March 2014, Plaintiff denied joint pain, swelling,

---

[3] Plaintiff testified that he last mowed the lawn in 2006, but the ALJ noted that treatment notes from Grace Medical Clinic in May 2010 indicate Plaintiff was "out cutting the grass." (T. 26.)

stiffness, muscle pain, or cramps. (T. 27.) In April 2014, Plaintiff ambulated without an assistive device. (T. 26.) The ALJ found that Plaintiff first complained of hip pain to Dr. Deal in July 2014. (T. 27.) At that time, the hip x-ray showed mild to moderate degenerative changes of the left hip. (T. 27.) An examination of Plaintiff's hip in July 2014 revealed bony tenderness, but he otherwise had a normal range of motion and strength. (T. 26.) Plaintiff's hip had normal strength and range of motion, no tenderness, swelling, crepitus, deformity, or laceration. (T. 26.) In August 2014, Plaintiff walked with a limp and had a positive straight leg raise test on the left and negative on the right. (T. 27.) Dr. Homesley prescribed a cane and anti-inflammatory medication, and advised Plaintiff to return for steroid injections pending his progress. (T. 27.)

The ALJ found that the medical evidence did not support pain of the severity, frequency, and duration of that alleged by Plaintiff. (T. 26.) The ALJ concluded that "[t]he evidence of record reflects that the claimant's hip pain is of recent onset; therefore, it is too early to assess this impairment." (T. 27.)

Plaintiff now argues that the newly submitted evidence from Drs. Homesley and Revis supports his allegations of hip pain and contradicts the ALJ's RFC finding. Pl.'s Mem. Supp. (# 12) at 6-8. As noted, the ALJ recognized that Plaintiff had hip pain and discussed the evidence from July through August 2014. (T. 27.) The additional evidence merely demonstrates that Plaintiff's hip pain continued through January 2015. (T. 611-34.) The additional evidence also demonstrates that Dr. Homesley, Plaintiff's orthopedic surgeon, suggested that Plaintiff "may" need to consider hip replacement surgery. (T. 606.) Plaintiff's argument fails for several reasons. First, this information was before the ALJ through Plaintiff's testimony. A review of the August 26, 2014, hearing reveals that Plaintiff testified before the ALJ that he was going to have to have hip injections every three months, but he would <u>definitely</u> need a hip replacement in the future.

7

Case 3:16-cv-00841-MOC-DLH Document 15 Filed 02/26/18 Page 7 of 13

(T. 59.)

Second, short-term or remediable pain does not warrant a finding of disability. See Bradley v. Ribicoff, 298 F.2d 855, 857 (4th Cir. 1962) ("An impairment which is presently capable of being classified as remediable cannot meet the requirement that it be of long-continued and indefinite duration."); Cooper v. Richardson, 333 F. Supp. 249, 253 (S.D. W.Va. 1971) ("It has long been established that a remedial ailment cannot be the basis of a claim for disability benefits under the Social Security Act.").

Even if Plaintiff's "new evidence" warranted a finding that his hip pain is "severe" under the second step in the sequential evaluation, the error, if any, was harmless and remand is not necessary. The ALJ found that Plaintiff was limited to sedentary work (T. 24), which involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a). The record supports the ALJ's finding that Plaintiff could perform sedentary work, as his ability to sit is not significantly restricted. (T. 55, 57, 61-64.) Moreover, Plaintiff's wife reported that Plaintiff could lift up to 20 pounds (T. 344), which is consistent with the ability to perform light exertional work.[4] See 20 C.F.R. §§ 404.1567(b), 416.967(b). Plaintiff's wife completed her report in July 2010 (T. 346); thus, the ALJ's finding that Plaintiff was limited to sedentary work accounts for any worsening in Plaintiff's condition.

In sum, substantial evidence supports the ALJ's RFC finding, even considering the additional evidence provided to the Appeals Council. The Appeals Council's denial was proper.

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Accordingly, the Commissioner is entitled to summary judgment on this issue.

### B. The ALJ properly considered any mental impairments when formulating Plaintiff's RFC.

In his second assignment of error, Plaintiff argues that when there are severe mental impairments, the ALJ must provide specific work-related mental functions in the RFC. Pl.'s Mem. Supp. (# 12) at 8-18. Plaintiff contends that in this case the ALJ failed to give a full function-by-function analysis of the nonexertional mental functions associated with Plaintiff's mental impairments. Id. at 8. Citing Social Security Ruling ("SSR") 96-8p, Plaintiff concludes that when the ALJ does not make a complete mental RFC assessment, the ALJ's decision must be reversed. Id.

SSR 96-8p provides that the RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quotation omitted). In formulating a RFC, the ALJ is not required to discuss each and every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion. Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000). With respect to the function-by-function analysis, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his other work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374184, at *1.

In Mascio, 780 F.2d at 632, the Fourth Circuit Court of Appeals held that limitations in concentration, persistence, or pace cause work-related limitations with staying on task, and while the ALJ may find that no limitations are required, an explanation is necessary. Id. at 638. Although Mascio involved moderate limitations, the Honorable Max O. Cogburn, Jr., United States District

9

Judge, has held that pursuant to Mascio, "a duty to explain why . . . mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered." Hunter-Tedder v. Berryhill, No. 5:17-CV-53-MOC, 2017 WL 5759941, at *4 (W.D.N.C. Nov. 28, 2017) (quoting Reinhardt v. Colvin, No. 3:14-CV-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015)).

In the instant case, a review of the record reveals that the ALJ made the following relevant findings: At step two of the sequential evaluation, the ALJ did not find that Plaintiff suffered a "severe" mental impairment. (T. 21.) The ALJ found that Plaintiff's depression had a minimal effect on his ability to perform basic work activities, and therefore, it was a non-severe impairment. (T. 22.) The ALJ noted that Plaintiff was not receiving any mental health treatment from a specialist. (T. 22.) The ALJ also noted that Plaintiff's wife indicated that he was not depressed because his prescribed medication was helping. (T. 22.)

The ALJ considered the "paragraph B criteria," which consists of the four broad functional areas set out for evaluating mental disorders and in 12.00C of the Listing of Impairments. (T. 22.) The ALJ determined that Plaintiff had mild limitation under activities of daily living. (T. 22.) As for social functioning, the ALJ found that Plaintiff had a mild limitation. (T. 22.) The ALJ determined that Plaintiff had mild limitation in concentration, persistence, or pace. (T. 22.) As for episodes of decompensation, the ALJ found there was no evidence. (T. 23.)

At step four, with respect to Plaintiff's mental limitations, the ALJ found as follows:

> The evidence of record is not supportive of any mental limitations that would preclude the claimant from performing the mental demands of work activity. The claimant's first complaints of depression were in October 2010. The claimant complained of depression and increased stress. However, he denied anxiety, panic attacks, insomnia, memory loss, concentration difficulty, or suicidal ideation. Dr. Tokunboh gave claimant some samples of Pristiq. By November 2010, the claimant endorsed improvement of his depression with Pristiq. In March 2012, the claimant reported depression and anxiety to Dr. Shazia Arain. However, the

claimant denied suicidal ideations, "he was able to maintain relationships, and depression did not interfere with his activities of daily living." The mental status examination was within normal limits.

(T. 26.) (transcript citations omitted).

In the instant case, the ALJ properly explained why Plaintiff's depression, a non-severe impairment, did not create any work-related limitations when Plaintiff's RFC was determined. See Reinhardt, 2015 WL 1756480, at *3. Consequently, the Commissioner is entitled to summary judgment on this issue.

### C. When determining Plaintiff's RFC, the ALJ properly considered the medical opinions of record.

Finally, in his third assignment of error, Plaintiff argues that the when the ALJ formulated his RFC finding, the ALJ failed to explain why he did not include specific limitations contained in medical opinions to which he allegedly gave "great weight." Pl.'s Mem. Supp. (# 12) at 18-21.

Plaintiff initially refers to consultative examiner Carla Duszlak M.D.'s opinion that he "may have some trouble focusing enough to do detailed tasks" and also "has mild difficulty dealing with stress." Id. at 19 (citing T. 418.). This argument fails for several reasons. First, the ALJ afforded Dr. Duszlak's opinion only "some weight" (T. 27.), as opposed to "great weight." Second, Dr. Duszlak offered her opinion in September 2010, which was prior to Plaintiff being treated with medicine for his depression. (T. 414-18.) As addressed above, the ALJ found Plaintiff's depression to be non-severe based, in part, on his wife's statement that the prescribed medication was helping his depression. (T. 22, 421.) Finally, Dr. Duszlak opined that Plaintiff "may have some trouble focusing enough to do detailed tasks" (emphasis added), but Dr. Duszlak also opined that Plaintiff retained the ability to perform simple and repetitive tasks. (T. 29, 418.)

11

Next, Plaintiff refers to the fact that Dr. Homesley prescribed Plaintiff a cane, yet the ALJ did not include this in his RFC finding. Pl.'s Mem. Supp. (# 12) at 19-20 (citing T. 588.). This argument is likewise unavailing because Plaintiff was limited to sedentary work, which generally involves sitting. See 20 C.F.R. §§ 404.1567(a), 416.967(a).

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 11) be DENIED, and the Commissioner's motion for summary judgment (# 13) be GRANTED.

Signed: February 25, 2018

*[signature]*

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).