UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-841

| JOHN R. HALL, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#15). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed. See Pl. Objections (#16).

**I.     Background**

In the M&R in this case, the Honorable Dennis L. Howell, United States Magistrate Judge, analyzed the available record, including the disability decision from the State of North Carolina and the decision of the Administrative Law Judge ("ALJ") (#15). Ultimately, Judge Howell recommended that the court grant defendant's Motion for Summary Judgment (#11).

Defendant has filed three objections to the M&R (#16). First, the magistrate judge held that recent evidence offered by plaintiff does not constitute the kind of new and material evidence that justifies further review by the Appeals Council. Plaintiff objects, arguing that the evidence is new and material and should be considered on remand. Second, the magistrate judge held that the ALJ properly considered mental impairments when formulating plaintiff's mental residual functional

capacity ("RFC"). Plaintiff objects, arguing that the ALJ did not fully and properly assess plaintiff's mental RFC. Third, the magistrate judge held that the ALJ properly considered the medical opinions of record in determining plaintiff's RFC. Plaintiff objects, arguing that there are inconsistencies that the ALJ failed to explain and that the court is improperly relying on *post hoc* rationalizations instead of the record. The court considers defendant's objections below.

## II. Legal Standard

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation, the ALJ's decision, and the record as a whole in determining whether plaintiff's objections are valid.

## III. Discussion

### A. First Objection

In his first objection, plaintiff asserts that the magistrate judge improperly held that new

evidence offered by plaintiff did not warrant remand and review by the Appeals Council. The evidence in question pertains to the state of plaintiff's hip, as plaintiff argues that records from plaintiff's treating orthopedic surgeon and plaintiff's primary care provider shed further light on problems with plaintiff's hip that plaintiff argues are relevant to the findings of the ALJ and the Appeals Council. In the M&R, the magistrate judge found that the new evidence was not truly new and that remand was unnecessary.

Here, the court agrees with the magistrate judge's finding. Evidence is new if it is "not duplicative or cumulative" and material "if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991); see also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). The "new" evidence offered by plaintiff concerning plaintiff's hip pain appears to be duplicative and cumulative. For example, plaintiff notes that the new evidence includes plaintiff's orthopedic surgeon opining that plaintiff may need to consider hip replacement in the future due to plaintiff's hip pain. But at the hearing with the ALJ, plaintiff already opined that he would be getting a hip replacement in the future, rendering it unclear what more this new evidence offers for review. Further, such evidence only reinforces that plaintiff's hip pain is short-term, or at the very least remediable, and neither short-term pain nor remediable pain warrant a finding of disability. See Bradley v. Ribicoff, 298 F.2d 855, 857 (4th Cir. 1962); 42 U.S.C. § 423(d)(1)(A). Finally, plaintiff has not shown that the evidence is material, or at least enough that there is a possibility the outcome would have changed. Even accepting that plaintiff's hip pain has worsened as described by the new evidence plaintiff offers, the ALJ's RFC appears to account for any worsening of hip pain by limiting plaintiff to "the full range of sedentary work," based in no small part on plaintiff's present

hip pain. (Tr. 24-25.) At any rate, the court agrees with the magistrate judge's holding and finds no reason for remand on the basis of new evidence.

### B. Second Objection

In his second objection, plaintiff asserts that the ALJ did not properly and fully assess plaintiff's mental RFC since the ALJ did not explain what effect plaintiff's limitations in concentration, persistence, and pace have on his RFC and his ability to stay on task. In the M&R, the magistrate judge found that the ALJ properly explained why plaintiff's depression was non-severe and did not create any work-related limitations for plaintiff's RFC.

Here, the court again agrees with the magistrate judge's findings. The ALJ took note of plaintiff's depression, but found that it had minimal effect on his ability to perform basic work activities, that plaintiff's wife indicated his prescribed medication was helping, that he was not receiving any mental health treatment from a specialist, and that his depression was thus a non-severe impairment. (Tr. 21-22). Further, while the ALJ did find that plaintiff had a mild limitation in concentration, persistence, or pace, Tr. 22, the ALJ did not assign a limitation on his ability to stay on task. However, while plaintiff asserts that the ALJ failed to explain his reasoning as to why such a limitation did not extend into his mental RFC, the ALJ *does* explain his reasoning at length. The ALJ explained that, while plaintiff did complain of depression and increased stress, he denied any other impairments, including "concentration difficulties." (Tr. 26). The ALJ further noted that plaintiff had acknowledged that his prescribed medication improved his condition, that plaintiff was able to maintain relationships, that depression did not interfere with plaintiff's activities of daily living, and that plaintiff's mental status examination was within normal limits. (Tr. 26). As these findings support plaintiff's ability to stay on task is normal, the court finds that the ALJ laid

out a logical bridge from the evidence to his conclusion and his conclusions are supported by substantial evidence of the record. Therefore, there is no reason for remand on this basis.

**C. Third Objection**

In his third objection, plaintiff asserts that the ALJ incorrectly determined plaintiff's RFC, in that the ALJ failed to include limitations from Dr. Duszlak's opinion despite giving it great weight and plaintiff's need for a cane. First, in the M&R the magistrate judge found that the ALJ properly handled Dr. Duszlak's opinion. Here, the court agrees that there are no inconsistencies or issues with the ALJ's analysis and Dr. Duszlak's opinion. First, the ALJ did not give Dr. Duszlak's opinion great weight, but only some weight. (Tr. 27). The ALJ also explained why he gave Dr. Duszlak's opinion any weight at all, noting that Dr. Duszlak also found that plaintiff could perform simple, repetitive tasks, accept and carry out instructions if physically able, interact well with people, and has mild difficulty dealing with stress. Id. The ALJ noted that these findings were all consistent with the rest of the evidence of record. Id. As none of this conflicts with the ALJ's findings on plaintiff's RFC, whether mental or physical, and the court finds it is a sufficient explanation to allow for meaningful review, there is no basis for remand on this issue.

As for plaintiff's objection on the ALJ ignoring plaintiff's need for a cane, in the M&R, the magistrate judge agreed with the Commissioner's reasoning that plaintiff neglected to explain how a cane conflicts with the ALJ's findings and that plaintiff's limitation to sedentary work accounted for his need for his cane use. After reviewing the record, the court agrees with the magistrate judge's finding. Contrary to plaintiff's assertions, the ALJ did note that plaintiff was prescribed a cane by Dr. Homesley due to hip pain. (Tr. 27). However, the ALJ analyzed this alongside evidence showing that plaintiff's hip had normal strength, range of motion, and no

tenderness, swelling, crepitus, deformity, or laceration. Id. The ALJ also noted that, while plaintiff walked with a limp and had a negative straight leg raise test on the right, he had a positive straight leg raise test on the left and his muscle strength as 5/5 bilaterally in his lower extremities. Id. While plaintiff argues that a cane may limit sedentary work and that the ALJ's explanation is insufficient, the law plaintiff cites to fails to support this assertion. See SSR 96-9p (S.S.A. July 2, 1996) (the sedentary occupational base is only eroded by use of a cane when a cane is used "for balance due to significant involvement of both lower extremities"); see also Sawyer v. Astrue, 775 F.Supp.2d 829, 835 (E.D.N.C. 2011) (finding that claimant needs to use a cane for balance "undermines the ALJ's conclusion that [the claimant] can perform the full range of sedentary work"). As stated above, the ALJ explicitly noted that plaintiff had full muscle strength in both lower extremities and that the cane was meant to aid plaintiff's hip pain, not due to problems with balance. As such, there is no basis for remand on this issue.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#15) is **AFFIRMED,** defendant's Motion for Summary Judgment (#13) is **GRANTED,** plaintiff's Motion for Summary Judgment (#11) is **DENIED**, the decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED**.

Signed: April 2, 2018

Max O. Cogburn Jr.
United States District Judge